1

2

Thiago M. Coelho, SBN 324715
thiago@wilshirelawfirm.com
Binyamin I. Manoucheri, SBN 336468
binyamin@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiff, Crystal Redick*

3

4

5

6

7

8

9

10

11

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12

13

14

15

16

17

18

19

20

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

| | |
|---|---|
| CRYSTAL REDICK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BOKA MANAGEMENT LOS ANGELES, LLC D/B/A CABRA LOS ANGELES, a California limited liability company; and DOES 1 to 10, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT**<br>1. VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181<br>2. VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 **DEMAND FOR JURY TRIAL** |

21

22

23

Plaintiff Crystal Redick (hereafter "Plaintiff") brings this action based upon personal knowledge as to herself and her own acts, and as to all other matters upon information and belief, based upon, *inter alia*, the investigations of her attorneys.

24

**NATURE OF THE ACTION**

25

26

27

28

1. Plaintiff is a visually impaired and legally blind individual who requires screen-reading software to read website content using her computer. Plaintiff uses the terms "blind" or "visually-impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a

1

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1    visual acuity with correction of less than or equal to 20 x 200.  Some blind people

2    who meet this definition have limited vision.  Others have no vision.

3         2.    Plaintiff brings this Complaint to secure redress against Boka

4    Management Los Angeles, LLC d/b/a Cabra Los Angeles (hereafter "Defendant"),

5    and DOES 1-10, for its failure to design, construct, maintain, and operate its website

6    to be fully and equally accessible to and independently usable by Plaintiff and other

7    blind or visually-impaired individuals.  Defendant's denial of full and equal access

8    to its website, and therefore denial of its products and services offered thereby and

9    in conjunction with its physical location, is a violation of Plaintiff's rights under the

10   Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act

11   ("UCRA").

12        3.    Because Defendant's website, https://www.cabralosangeles.com/ (the

13   "website" or "Defendant's website"), is not fully or equally accessible to blind and

14   visually impaired consumers in violation of the ADA, Plaintiff seeks a permanent

15   injunction to cause a change in Defendant's corporate policies, practices, and

16   procedures so that Defendant's website will become and remain accessible to

17   Plaintiff and other blind and visually impaired consumers.

18                              **THE PARTIES**

19        4.    Plaintiff, at all times relevant and as alleged herein, is a resident of the

20   County of Los Angeles.  Plaintiff is a legally blind, visually impaired, handicapped

21   person, and a member of a protected class of individuals under the ADA, pursuant

22   to 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth

23   at 28 CFR §§ 36.101 *et seq*.

24        5.    Defendant is a California limited liability company with its

25   headquarters in Los Angeles, California.  Defendant's servers for the website are in

26   the United States.  Defendant conducts a large amount of its business in California

27   and the United States as a whole.  The physical location where Defendant's goods

28   and services are sold to the public constitutes a place of public accommodation.

Defendant's restaurant provides to the public important goods and services. Defendant's website provides consumers access to a "a spirited rooftop dining and drinking destination inspired by the vibrant flavors of Peruvian Cuisine." Consumers can access information regarding Defendant's menus, reservations, Defendant's private dining, and photo gallery. Consumers can also access information regarding Defendant's contact information, location, hours, career opportunities, Defendant's email newsletter sign-up, gift cards, and Defendant's social media webpages.

6.      Plaintiff is unaware of the true names, identities, and capacities of each Defendant sued herein as DOES 1 to 10.  Plaintiff will seek leave to amend this complaint to allege the true names and capacities of DOES 1 to 10 if and when ascertained.  Plaintiff is informed and believes, and thereupon alleges, that each Defendant sued herein as a DOE is legally responsible in some manner for the events and happenings alleged herein and that each Defendant sued herein as a DOE proximately caused injuries and damages to Plaintiff as set forth below.

7.      Defendant's restaurant is a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

8.      The website, https://www.cabralosangeles.com/, is a service, privilege, or advantage of Defendant's services, products, and location.

**JURISDICTION AND VENUE**

9.      Defendant is subject to personal jurisdiction in this District.  Defendant has been and continues to commit the acts or omissions alleged herein in the Central District of California, that caused injury, and violated rights prescribed by the ADA and UCRA, to Plaintiff.  A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Central District of California.  Specifically, on several separate occasions, Plaintiff has been denied the full use and enjoyment of the facilities, goods, and services of Defendant's website in Los Angeles County. The access barriers Plaintiff has encountered on Defendant's website have caused

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

COMPLAINT AND DEMAND FOR JURY TRIAL

1  a denial of Plaintiff's full and equal access multiple times in the past and now deter

2  Plaintiff on a regular basis from accessing Defendant's website.  Similarly, the

3  access barriers Plaintiff has encountered on Defendant's website have impeded

4  Plaintiff's full and equal enjoyment of goods and services offered at Defendant's

5  brick-and-mortar location.

6      10.    This Court also has subject-matter jurisdiction over this action

7  pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff's claims arise

8  under Title III of the ADA, 42 U.S.C. § 12181, *et seq*., and 28 U.S.C. § 1332.

9      11.    This Court has personal jurisdiction over Defendant because it

10  conducts and continues to conduct a substantial and significant amount of business

11  in the State of California, County of Los Angeles, and because Defendant's

12  offending website is available across California.

13      12.    Venue is proper in the Central District of California pursuant to 28

14  U.S.C. § 1391 because Plaintiff resides in this District, Defendant conducts and

15  continues to conduct a substantial and significant amount of business in this District,

16  Defendant is subject to personal jurisdiction in this District, and a substantial

17  portion of the conduct complained of herein occurred in this District.

18  **THE AMERICANS WITH DISABILITIES ACT AND THE INTERNET**

19      13.    The Internet has become a significant source of information, a portal,

20  and a tool for conducting business, doing everyday activities such as shopping,

21  learning, banking, researching, as well as many other activities for sighted, blind,

22  and visually impaired persons alike.

23      14.    In today's tech-savvy world, blind and visually impaired people have

24  the ability to access websites using keyboards in conjunction with screen access

25  software that vocalizes the visual information found on a computer screen.  This

26  technology is known as screen-reading software.  Screen-reading software is

27  currently the only method a blind or visually impaired person may use to

28  independently access the internet.  Unless websites are designed to be read by

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

COMPLAINT AND DEMAND FOR JURY TRIAL

1   screen-reading software, blind and visually impaired persons are unable to fully

2   access websites, and the information, products, and services contained thereon.

3       15.   Blind and visually impaired users of Windows operating system-

4   enabled computers and devices have several screen-reading software programs

5   available to them.  Some of these programs are available for purchase and other

6   programs are available without the user having to purchase the program separately.

7   Job Access With Speech, otherwise known as "JAWS," is currently the most

8   popular, separately purchased and downloaded screen-reading software program

9   available for a Windows computer.

10       16.   For screen-reading software to function, the information on a website

11   must be capable of being rendered into text.  If the website content is not capable

12   of being rendered into text, the blind or visually impaired user is unable to access

13   the same content available to sighted users.

14       17.   The international website standards organization, the World Wide

15   Web Consortium, known throughout the world as W3C, has published Success

16   Criteria for version 2.1 of the Web Content Accessibility Guidelines ("WCAG 2.1"

17   hereinafter). WCAG 2.1 are well-established guidelines for making websites

18   accessible to blind and visually impaired people.  These guidelines are adopted,

19   implemented, and followed by most large business entities who want to ensure their

20   websites are accessible to users of screen-reading software programs.  Though

21   WCAG 2.1 has not been formally adopted as the standard for making websites

22   accessible, it is one of, if not the most, valuable resource for companies to operate,

23   maintain, and provide a website that is accessible under the ADA to the public.

24       18.   Within this context, the Ninth Circuit has recognized the viability of

25   ADA claims against commercial website owners/operators with regard to the

26   accessibility of such websites. *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905-

27   06 (9th Cir. 2019*), cert. denied*, 140 S.Ct. 122, 206 L. Ed. 2d 41 (2019).  This is in

28   addition to the numerous courts that have already recognized such application.

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

COMPLAINT AND DEMAND FOR JURY TRIAL

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

19.     Each of Defendant's violations of the Americans with Disabilities Act is likewise a violation of the Unruh Civil Rights Act.  Indeed, the Unruh Civil Rights Act provides that any violation of the ADA constitutes a violation of the Unruh Civil Rights Act.  Cal. Civ. Code § 51(f).

20.     Further, Defendant's actions and inactions denied Plaintiff full and equal access to their accommodations, facilities, and services.  A substantial motivating reason for Defendant to deny Plaintiff access was the perception of Plaintiff's disability.  Defendant's denial of Plaintiff's accessibility was a substantial motivating reason for Defendant's conduct.  Plaintiff was harmed due to Defendant's conduct.  Defendant's actions and inactions were a substantial factor in causing the lack of access to Plaintiff.  Unruh Civil Rights Act, Cal. Civ. Code § 51.

21.     Inaccessible or otherwise non-compliant websites pose significant access barriers to blind and visually impaired persons.  Common barriers encountered by blind and visually impaired persons include, but are not limited to, the following:

    a.  A text equivalent for every non-text element is not provided;

    b.  Title frames with text are not provided for identification and navigation;

    c.  Equivalent text is not provided when using scripts;

    d.  Forms with the same information and functionality as for sighted persons are not provided;

    e.  Information about the meaning and structure of content is not conveyed by more than the visual presentation of content;

    f.  Text cannot be resized without assistive technology up to 200 percent without loss of content or functionality;

    g.  If the content enforces a time limit, the user is not able to extend, adjust or disable it;

COMPLAINT AND DEMAND FOR JURY TRIAL

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

h. Web pages do not have titles that describe the topic or purpose;

i. The purpose of each link cannot be determined from the link text alone or from the link text and its programmatically determined link context;

j. One or more keyboard operable user interface lacks a mode of operation where the keyboard focus indicator is discernible;

k. The default human language of each web page cannot be programmatically determined;

l. When a component receives focus, it may initiate a change in context;

m. Changing the setting of a user interface component may automatically cause a change of context where the user has not been advised before using the component;

n. Labels or instructions are not provided when content requires user input;

o. In content which is implemented by using markup languages, elements do not have complete start and end tags, elements are not nested according to their specifications, elements may contain duplicate attributes and/or any IDs are not unique;

p. Inaccessible Portable Document Format (PDFs); and

q. The name and role of all User Interface elements cannot be programmatically determined; items that can be set by the user cannot be programmatically set; and/or notification of changes to these items is not available to user agents, including assistive technology.

## FACTUAL BACKGROUND

22.   Defendant offers the https://www.cabralosangeles.com/ website to the public.  The website offers features which should allow all consumers to access the

COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

goods and services which Defendant offers in connection with its physical location. The goods and services offered by Defendant include, but are not limited to, the following: Defendant's brunch menu with offerings such as avocado dip, hot chorizo & queso dip, chicken empanadas, bass ceviche, fruit ceviche, crab causa, the giant empanada, chicken thigh skewers, springy omelette, quinoa sourdough French toast, choclo, smoked salmon dip, beef empanadas, swiss chard & kale empanadas, salmon ceviche, tuna & tots, tomato & chorizo salad, chorizo skewers, wood fired skirt steak & eggs, octo-hash pancake, papas huancaina, and wood fired sprouted cauliflower; Defendant's dinner menu with offerings such as quinoa & beet salad, chicken thigh skewers, sauteed bay scallops, sweet and sour branzino, Hamachi tiradito, tomato & chorizo salad, salmon skewers, and pork shank; Defendant's cocktail menu which includes, pisco sour, tropical fizz, cucumber situation, pisco fever, LA dreamin', pass the honey, and limborange you glad; Defendant's beer menu with offerings such as a lager, tangerine ale, passionfruit wild ale, pilsner, hazy IPA, west coast IPA, and hard seltzers; Defendant's wine menu which include sparkling wine, white wine, rose + orange wine, and red wine. Furthermore, Defendant's website allows consumers to access information regarding Defendant's gallery, the ability to book a private dining event online, the ability to learn about Defendant's bar & wine and full buyout options and the ability to make an online reservation. Defendant's website further allows consumers to access Defendant's contact information, location, hours, career opportunities with Defendant, an email newsletter sign-up, gift cards, Defendant's social media webpages, and much more.

23.     Based on information and belief, it is Defendant's policy and practice to deny Plaintiff, along with other blind or visually impaired users, access to Defendant's website, and to therefore specifically deny the goods and services that are offered and integrated within Defendant's restaurant.  Due to Defendant's failure and refusal to remove access barriers on its website, Plaintiff and other

COMPLAINT AND DEMAND FOR JURY TRIAL

visually impaired persons have been and are still being denied equal and full access to Defendant's restaurant and the numerous goods, services, and benefits offered to the public through Defendant's website.

## DEFENDANT'S BARRIERS ON UNRUH CIVIL RIGHTS ACT, CAL. CIV. CODE § 51(f) DENY PLAINTIFF ACCESS

24.     Plaintiff is a visually impaired and legally blind person, who cannot use a computer without the assistance of screen-reading software.  However, Plaintiff is a proficient user of the JAWS or NV ACCESS screen-reader(s) as well as Mac's VoiceOver and uses it to access the internet.  Plaintiff has visited https://www.cabralosangeles.com/ on several separate occasions using the JAWS and/or VoiceOver screen-readers.

25.     During Plaintiff's numerous visits to Defendant's website, Plaintiff encountered multiple access barriers which denied Plaintiff full and equal access to the facilities, goods, and services offered to the public and made available to the public on Defendant's website.  Due to the widespread access barriers Plaintiff encountered on Defendant's website, Plaintiff has been deterred, on a regular basis, from accessing Defendant's website.

26.     While attempting to navigate Defendant's website, Plaintiff encountered multiple accessibility barriers for blind or visually impaired people that include, but are not limited to, the following:

        a. Lack of Alternative Text ("alt-text"), or a text equivalent.  Alt-text is invisible code embedded beneath a graphic or image on a website that is read to a user by a screen-reader.  For graphics or images to be fully accessible for screen-reader users, it requires that alt-text be coded with each graphic or image so that screen-reading software can speak the alt-text to describe the graphic or image where a sighted user would just see the graphic or image.  Alt-text does not change the visual presentation, but instead a text box

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

COMPLAINT AND DEMAND FOR JURY TRIAL

shows when the cursor hovers over the graphic or image.  The lack of alt-text on graphics and images prevents screen-readers from accurately vocalizing a description of the image or graphic.

    b. Empty Links that contain No Text causing the function or purpose of the link to not be presented to the user.  This can introduce confusion for keyboard and screen-reader users;

    c. Redundant Links where adjacent links go to the same URL address which results in additional navigation and repetition for keyboard and screen-reader users; and

    d. Linked Images missing alt-text, which causes problems if an image within a link does not contain any descriptive text and that image does not have alt-text.  A screen reader then has no content to present the user as to the function of the link, including information or links for and contained in PDFs.

27.    Recently in 2022, Plaintiff attempted to do business with Defendant on Defendant's website and Plaintiff encountered barriers to access on Defendant's website.  Plaintiff has visited prior iterations of the website, https://www.cabralosangeles.com/, and also encountered barriers to access on Defendant's website.

28.    Despite past and recent attempts to do business with Defendant on its website, the numerous access barriers contained on the website and encountered by Plaintiff, have denied Plaintiff full and equal access to Defendant's website. Plaintiff, as a result of the barriers on Defendant's website, continues to be deterred from accessing Defendant's website.  Likewise, based on the numerous access barriers Plaintiff has been deterred and impeded from the full and equal enjoyment of goods and services offered in Defendant's restaurant.

///

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

COMPLAINT AND DEMAND FOR JURY TRIAL

## DEFENDANT'S WEBSITE HAS A SUFFICIENT NEXUS TO DEFENDANT'S RESTAURANT LOCATION TO SUBJECT THE WEBSITE TO THE REQUIREMENTS OF THE AMERICANS WITH DISABILITIES ACT

29.     In the Ninth Circuit a denial of equal access to a website can support an ADA claim if the denial has prevented or impeded a visually impaired plaintiff from equal access to, or enjoyment of, the goods and services offered at the defendant's physical facilities.  *See Martinez v. San Diego County Credit Union*, 50 Cal. App. 5th, 1048, 1063 (2020) (citing *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905-06 (9th Cir. 2019)).

30.     Defendant's website is subject to the ADA because the goods and services offered on the website are an extension of the goods and services offered in Defendant's brick-and-mortar restaurant.  For example, consumers can explore Defendant's menus, purchase gift cards, book private events and make online reservations, which can be used in Defendant's brick-and-mortar restaurant.  Thus, since the Website "facilitate[s] access to the goods and services of a place of public accommodation", the Website falls within the protection of the ADA because the Website "connects customers to the goods and services of [Defendant's] physical" restaurant. *Id*. at 905.

31.     Defendant's website is replete with barriers, including but not limited to, heading elements which are not in a sequentially-descending order, which impede Plaintiff from accessing the goods and services of Defendant's brick-and-mortar restaurant. For example, Plaintiff was deterred from navigating Defendant's website, in part, because the headings were not listed in a sequential order. When headings are not properly ordered, screen-readers cannot convey the semantic structure of the webpage, making such headings misleading and unusable for users who rely on screen-readers, like Plaintiff. If Defendant had sufficiently coded the headings on its website to be properly ordered, Plaintiff would have been able to

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

COMPLAINT AND DEMAND FOR JURY TRIAL

1   navigate the webpage as a sighted individual could.

2      32.   Accordingly, Plaintiff was denied the ability to browse Defendant's

3   website because Defendant failed to have the proper procedures in place to ensure

4   that content uploaded to the subject website contains the proper coding to convey

5   the meaning and structure of the website and the goods and services provided by

6   Defendant.

7   ### DEFENDANT MUST REMOVE BARRIERS TO ITS WEBSITE

8      33.   Due to the inaccessibility of the Defendant's website, blind and

9   visually impaired customers such as Plaintiff, who need screen-readers, cannot fully

10   and equally use or enjoy the facilities and services Defendant offers to the public

11   on its website.  The access barriers Plaintiff has encountered have caused a denial

12   of Plaintiff's full and equal access in the past and now deter Plaintiff on a regular

13   basis from accessing the website.

14      34.   These access barriers on Defendant's website have deterred Plaintiff

15   from enjoying the goods and services of Defendant's brick-and-mortar restaurant

16   which are offered through Defendant's website in a full and equal manner to sighted

17   individuals.  Plaintiff and Class Members intend to visit the Defendant's restaurant

18   in the near future if Plaintiff and Class Members could access Defendant's website

19   as a sighted person can.

20      35.   If the website were equally accessible to all, Plaintiff could

21   independently navigate the website and complete a desired transaction, as sighted

22   individuals do.

23      36.   Plaintiff, through Plaintiff's attempts to use the website, has actual

24   knowledge of the access barriers that make these services inaccessible and

25   independently unusable by blind and visually impaired people.

26      37.   Because simple compliance with WCAG 2.1 would provide Plaintiff

27   with equal access to the website, Plaintiff alleges that Defendant engaged in acts of

28   intentional discrimination, including, but not limited to, the following policies or

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

COMPLAINT AND DEMAND FOR JURY TRIAL

practices: constructing and maintaining a website that is inaccessible to visually-impaired individuals, including Plaintiff; failing to construct and maintain a website that is sufficiently intuitive so as to be equally accessible to visually-impaired individuals, including Plaintiff; and failing to take actions to correct these access barriers in the face of substantial harm and discrimination to blind and visually-impaired consumers, such as Plaintiff, as a member of a protected class.

38.     The Defendant uses standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination against others, as alleged herein.

39.     The ADA expressly contemplates the injunctive relief that Plaintiff seeks in this action.  In relevant part, the ADA requires:

> In the case of violations of … this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities …. Where appropriate, injunctive relief shall also include requiring the … modification of a policy …. 42 U.S.C. § 12188(a)(2).

40.     Because Defendant's website has never been equally accessible, and because Defendant lacks a corporate policy that is reasonably calculated to cause the Defendant's website to become and remain accessible, Plaintiff invokes 42 U.S.C. § 12188(a)(2) and seeks a permanent injunction requiring the Defendant to retain a qualified consultant acceptable to Plaintiff to assist Defendant to comply with WCAG 2.1 guidelines for Defendant's website.  The website must be accessible for individuals with disabilities who use desktop computers, laptops, tablets, and smartphones.  Plaintiff seeks that this permanent injunction require Defendant to cooperate with the agreed-upon consultant to: train Defendant's employees and agents who develop the website on accessibility compliance under the WCAG 2.1 guidelines; regularly check the accessibility of the website under the WCAG 2.1 guidelines; regularly test user accessibility by blind or vision-

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

COMPLAINT AND DEMAND FOR JURY TRIAL

impaired persons to ensure that the Defendant's website complies under the WCAG 2.1 guidelines; and develop an accessibility policy that is clearly disclosed on the Defendant's website, with contact information for users to report accessibility-related problems and require that any third-party vendors who participate on the Defendant's website to be fully accessible to the disabled by conforming with WCAG 2.1.

41.     If Defendant's website were accessible, Plaintiff could independently access information about the services offered and goods available for online purchase.

42.     Although Defendant may currently have centralized policies regarding maintaining and operating Defendant's website, Defendant lacks a plan and policy reasonably calculated to make Defendant's website fully and equally accessible to, and independently usable by, blind and other visually impaired consumers.

43.     Defendant has, upon information and belief, invested substantial sums in developing and maintaining Defendant's website, and Defendant has generated significant revenue from Defendant's website.  These amounts are far greater than the associated cost of making Defendant's website equally accessible to visually impaired customers.

44.     Without injunctive relief, Plaintiff will continue to be unable to independently use Defendant's website, violating their rights.

## COUNT I

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181 *ET SEQ.*

45.     Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 44, inclusive, of this Complaint as if set forth fully herein.

46.     Section 302(a) of Title III of the ADA, 42 U.S.C. § 12181 *et seq.*, provides: "No individual shall be discriminated against on the basis of disability in

COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

47. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations"; and "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii). "A public accommodation shall take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense." 28 C.F.R. § 36.303(a). In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." 28 C.F.R. § 36.303(c)(1)(ii).

///

COMPLAINT AND DEMAND FOR JURY TRIAL

48.     Defendant's location is a "public accommodation" within the meaning of 42 U.S.C. § 12181 *et seq*.  Defendant generates millions of dollars in revenue from the sale of its amenities and services, privileges, advantages, and accommodations in California through its location, related services, privileges, advantages, and accommodations, and its website, https://www.cabralosangeles.com/, is a service, privilege, advantage, and accommodation provided by Defendant that is inaccessible to customers who are visually impaired like Plaintiff.  This inaccessibility denies visually impaired customers full and equal enjoyment of and access to the facilities and services, privileges, advantages, and accommodations that Defendant makes available to the non-disabled public.  Defendant is violating the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., in that Defendant denies visually impaired customers the services, privileges, advantages, and accommodations provided by https://www.cabralosangeles.com/.  These violations are ongoing.

49.     Defendant's actions constitute intentional discrimination against Plaintiff on the basis of a disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. in that: Defendant has constructed a website that is inaccessible to Plaintiff; maintains the website in this inaccessible form; and has failed to take adequate actions to correct these barriers even after being notified of the discrimination that such barriers cause.

50.     Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

## COUNT II

### VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *ET SEQ.*

51.     Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 50, inclusive, of this Complaint as if set forth fully herein.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

COMPLAINT AND DEMAND FOR JURY TRIAL

52.     Defendant's location is a "business establishment" within the meaning of the California Civil Code § 51 *et seq.*  Defendant generates millions of dollars in revenue from the sale of its services in California through its location and related services, and https://www.cabralosangeles.com/ is a service provided by Defendant that is inaccessible to customers who are visually impaired like Plaintiff.  This inaccessibility denies visually impaired customers full and equal access to Defendant's facilities and services that Defendant makes available to the non-disabled public.  Defendant is violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq*., in that Defendant is denying visually impaired customers the services provided by https://www.cabralosangeles.com/.  These violations are ongoing.

53.     Defendant's actions constitute intentional discrimination against Plaintiff on the basis of a disability in violation of the Unruh Civil Rights Act, California Civil Code § 51 *et seq*. in that: Defendant has constructed a website that is inaccessible to Plaintiff; maintains the website in this inaccessible form; and has failed to take adequate actions to correct these barriers even after being notified of the discrimination that such barriers cause.

54.     Defendant is also violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq*. in that the conduct alleged herein likewise constitutes a violation of various provisions of the ADA, 42 U.S.C. § 12101 *et seq*.  Section 51(f) of the California Civil Code provides that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act.

55.     The actions of Defendant were and are in violation of the Unruh Civil Rights Act, California Civil Code § 51 *et seq*., and, therefore, Plaintiff is entitled to injunctive relief remedying the discrimination.

56.     Plaintiff is also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense.

///

COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

57.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

58.     Plaintiff is also entitled to a preliminary and permanent injunction enjoining Defendant from violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq*., and requiring Defendant to take the steps necessary to make https://www.cabralosangeles.com/ readily accessible to and usable by visually impaired individuals.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant as follows:

A.     A preliminary and permanent injunction pursuant to 42 U.S.C. § 12188(a)(1) and (2) and section 52.1 of the California Civil Code enjoining Defendant from violating the Unruh Civil Rights Act and ADA and requiring Defendant to take the steps necessary to make https://www.cabralosangeles.com/ readily accessible to and usable by visually-impaired individuals;

B.     An award of statutory minimum damages of $4,000 per offense pursuant to section 52(a) of the California Civil Code.

C.     For attorneys' fees and expenses pursuant to California Civil Code §§ 52(a), 52.1(h), and 42 U.S.C. § 12205;

D.     For pre-judgment interest to the extent permitted by law;

E.     For costs of suit; and

F.     For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself, hereby demands a jury trial for all claims so triable.

///

///

///

COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1   Dated: June 22, 2022                        Respectfully Submitted,

2

3                                               */s/ Thiago M. Coelho*
                                                Thiago M. Coelho
4                                               Binyamin I. Manoucheri
                                                **WILSHIRE LAW FIRM**
5                                               *Attorneys for Plaintiff, Crystal*
                                                *Redick*
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137